1

2

3

4

5

```
┌─────────────────────────────────┐
│  X  FILED      ____ LODGED       │
│  ____ RECEIVED ____ COPY         │
│                                  │
│        JUN 1 8 1999              │
│                                  │
│   CLERK U S DISTRICT COURT       │
│      DISTRICT OF ARIZONA         │
│  BY_____ DEPUTY       │
└─────────────────────────────────┘
```

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9   UNITED STATES OF AMERICA,        )   CR 92-296-PHX-SMM
                                     )
10          Plaintiff,               )   **ORDER**
                                     )
11   vs.                             )
                                     )
12   FREDERICK YAZZIE,               )
                                     )
13          Defendant.               )
                                     )
14   _____)

15

16          Defendant Yazzie filed a Motion to Reconsider on January 14, 1998. Defendant requests that

17   this Court reconsider its order of January 2, 1998.

18                        **STANDARD OF REVIEW**

19          A district court may grant a motion to reconsider only in "highly unusual circumstances." See

20   School Dist. No. 1J. Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

21   "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence,

22   (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

23   change in controlling law." Id.  A motion for reconsideration should not be used to ask the court "to

24   rethink what the court had already thought through--rightly or wrongly". Above the Belt, Inc. v. Mel

25   Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Arguments that the court was in error on

26   the issues it considered should be directed to the court of appeals. See Sullivan v. Faras-RLS Group,

27   Ltd., 795 F. Supp. 305, 308 (D. Ariz. 1992).

28

                                                              *160*

1    Procedurally, motions to reconsider are generally treated as motions to alter or amend the

2    judgment or a motion for relief from a judgment or order. See Fed. R. Civ. P. 59(e), 60 (1995).  Thus,

3    a court may grant a motion for reconsideration for the following reasons: (1) mistake, inadvertence,

4    surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have

5    been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void;

6    (5) the judgment has been satisfied; and (6) any other reason justifying relief from the operation of the

7    judgment.  Id. 60(b).

8                                    **DISCUSSION**

9    This case has had an extensive history before this Court and the Ninth Circuit Court of Appeals.

10   The current motion for reconsideration fails to raise any issue before this Court to order the Bureau of

11   Prisons and the Department of Justice to retroactively change the Defendant's name on official

12   documents. The Defendant has obtained a name change in the Superior Court and the order of the

13   Superior Court is self executing.  As the Ninth Circuit notes in Malik v. Brown, 71 F.3d 724 (9th Cir.

14   1995), the Courts have examined the issue of inmates' use of religious names.

15               The cases have consistently supported three propositions.  First, an
                 inmate has a First Amendment interest in using his religious name, at
16               least in conjunction with his committed name. See e.g., Salaam II, 905
                 F.2d at 1170; Felix v. Rolan, 833 F.2d 517, 518 (5th Cir. 1987); Barrett
17               v. Virginia, 689 F.2d 498 (4th Cir. 1982).  Second, an inmate cannot
                 compel a prison to reorganize its filing system to reflect the new name.
18               See e.g., Barrett, 689 F.2d at 503; Akbar v. Canney, 634 F.2d 339, 340
                 (6th Cir. 1980), cert. denied, 450 U.S. 1002, 101 S.Ct. 1712 (1981).
19               Third, in states where inmates are allowed to change names legally,
                 prisons are generally required to recognize only legally changed names.
20               See e.g., Rahman v. Stephenson, 626 F.Supp 886 (W.D. Tenn. 1986);
                 Salahuddin v. Coughlin, 591 F.Supp 353 (S.D.N.Y. 1984).

21

     Malik v. Brown, 71 F.3d 724, 727-728 (9th Cir. 1995).
22
             Defendant attempts to argue that the Department of Justice and the Bureau of Prisons should
23
     change his name in all of the files and this Court should amend his Judgment and Commitment Order.
24
     However, Defendant's arguments are without merit.  The Judgment and Commitment Order was
25
     imposed upon Defendant prior to his legal name change in Superior Court.  There is not a legal basis
26
     for amending the judgment and commitment order.
27

28

                                     - 2 -

1     IT IS THEREFORE ORDERED denying Defendant Yazzie's Motion for Order Directing the

2   United States Attorney's Office, et al., to Recognize Name Change and Order to Change Judgment and

3   Commitment to Reflect New Name.

4     No excludable delay shall result from the entry of this order.

5     DATED this ___17___ day of June 1999.

6

7

8                                                    STEPHEN M. MCNAMEE
                                                     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28